**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **GEORGE A. KRUEGER, JR, #R01396,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> vs. ) <br> ) <br> **VENERIO M. SANTOS,** ) <br> **DR. RITZ,** ) <br> **DANIEL L. CONN,** ) <br> **STEVE MEEKS, and** ) <br> **WARDEN OF CENTRALIA** ) <br> **CORRECTIONAL CENTER,** ) <br> ) <br> **Defendants.** ) | **Case No. 20-cv-00070-SMY** |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff George Krueger, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Centralia Correctional Center ("Centralia"), filed this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff seeks monetary damages and injunctive relief. (Docs. 1, 12).

This case is now before the Court for preliminary review of the Amended Complaint (Doc. 12) under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Amended Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Amended Complaint

Plaintiff makes the following allegations in his Amended Complaint (Doc. 12): Plaintiff has hemorrhoids and on July 7, 2019 began experiencing severe pain and bleeding that soaked through his boxers and pants. He was seen by nursing staff on July 9, 2019 and by a doctor on

July 11, 2019. The doctor told Plaintiff he had a very serious case of hemorrhoids that needed to be removed and submitted a request for the surgery. Plaintiff was given hemorrhoid cream and told he would get a response on whether the surgery was approved within 2-3 weeks. He had blood drawn on July 15, 2019 to determine whether he was losing too much blood from the hemorrhoids.

Plaintiff made a sick call request on August 5, 2019 and was seen by a nurse on August 7, 2019. He was experiencing serious pain and bleeding from the hemorrhoids. He asked the nurse if he had been approved for the hemorrhoid removal surgery and she informed him there was no response in his medical file. An appointment was made for him to see a doctor and he was sent back to his housing unit.

Plaintiff had an appointment with Dr. Santos on August 9, 2019 during which he reported ongoing serious pain, bleeding, and increased swelling of his hemorrhoids. He requested medication for the pain and inflammation and was given hemorrhoid cream, but nothing for the pain. Dr. Santos informed Plaintiff that his surgery request was denied and that he would appeal the decision on his behalf. Plaintiff checked his medical records which showed the surgery was denied by Dr. Ritz, Utilization Management of Wexford Health Sources, due to insufficient information. The records also showed that the surgery request dated July 11, 2019 was "overturned" with a notation "deny or revised" on August 9, 2019 by Dr. Santos, who is the Medical Director at Centralia.

Plaintiff requested a sick call on August 14, 2019 and was seen on August 16, 2019. He told the nurses and doctors that he was in great pain and had been bleeding a lot, but they advised him there was nothing that could be done.

Plaintiff requested a sick call on October 22, 2019 because his hemorrhoids had gotten

much worse and was seen by some nurses on October 24, 2019. He had an appointment with Dr. Santos on October 25, 2019 and told him that the hemorrhoids were "seriously swollen and pussing" and he was in great pain. Dr. Santos told him there was nothing he could do. Plaintiff requested medication for the pain and inflammation, but Dr. Santos denied the request. Plaintiff asked for a refund of his $5 medical co-pay, but Dr. Santos also denied that request.

Plaintiff wrote letters to the CEO of Wexford Health Sources, Daniel L. Conn, and IDOC's Chief of Health Services, Steve Meeks, on October 31, 2019. He advised them that he was being denied medical treatment for an ongoing serious medical condition that was getting worse. He told them a doctor had recommended surgery and asked that he be approved for the surgery. He received a response from Wexford dated November 7, 2019 that acknowledged receipt of the letter and told him to address his medical concerns at the facility. He did not receive a response from Meeks.

Plaintiff saw a nurse on November 3, 2019 for his annual check-up. When she asked if he was having any medical issues, he explained the pain, bleeding, and anal drainage he had been suffering from due to the hemorrhoids. She told him he could tell the doctor because he was scheduled to see him in the next day or two. He received a call pass to see Dr. Santos on November 4, 2019 but it was canceled because Dr. Santos went on another vacation with no replacement doctor to cover for him. That same day, Plaintiff went to the bathroom and there was a large amount of dark red blood in the toilet.

Plaintiff was seen at nurse sick call on November 17, 2019 because he was continuing to have pain, bleeding, and mucus discharge. Two nurses saw the "severe engorgement and bleeding of the hemorrhoids" and put him in to see a doctor. He saw Dr. Santos on November 20, 2019 but was told there was nothing that could be done except to renew his prescription of fiber lax pills.

Based on the allegations in the Amended Complaint, the Court finds it convenient to designate the following Count in this *pro se* action:

> **Count 1:** Eighth Amendment deliberate indifference claim against Defendants for denying and/or providing inadequate medical treatment for Plaintiff's painful and bleeding hemorrhoids and any undiagnosed related medical conditions.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**. See*, Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## Preliminary Dismissals

Plaintiff makes allegations against a number of individuals who are not identified as Defendants in the case caption. Any claims intended against those individuals are considered dismissed without prejudice. See, *Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be specified in the caption).

## Discussion

Deliberate indifference to serious medical needs of prisoners may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). In order to state such a claim, an inmate must adequately allege that: (1) he suffered from an objectively serious medical need; and (2) state officials acted with deliberate indifference to the prisoner's medical need, which is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To be liable under § 1983, a defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005).

"[T]the existence of chronic and substantial pain" is an objectively serious medical condition in and of itself. *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). And, delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). Additionally, a doctor's choice of the "easier and less efficacious treatment" for an objectively serious medical condition can constitute deliberate indifference for purposes of the Eighth Amendment. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010). The allegations in Plaintiff's Amended Complaint are sufficient to proceed on a deliberate indifference claim against Dr. Santos and Dr. Ritz.

Plaintiff's claims against Conn and Meeks, however, are too attenuated for liability under § 1983 to attach. The issues Plaintiff experienced at Centralia are not attributable to Conn and Meeks because they are too far removed from day-to-day, individual prisoner medical treatment to be responsible for the Plaintiff's medical care. A single letter to the CEO of Wexford and IDOC's Chief of Health Services is not sufficient to support personal liability. See, *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (state officials "do not have a free-floating obligation to put things to rights," simply sending an official a letter does not expose them to Section 1983 liability for failing to respond, and IDOC officials are entitled to delegate to the prison's medical staff the provision of adequate care). A single letter is also insufficient to demonstrate that they knew about an ongoing constitutional violation and facilitated it, approved it, condoned it, or turned a blind eye to it. Finally, the doctrine of *respondeat superior* does not apply to actions filed under § 1983 and therefore, supervisors cannot be held liable for the errors of their subordinates. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Accordingly, Plaintiff's claims against Conn and Meeks will be dismissed.

**Motion for Recruitment of Counsel**

Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Under 28 U.S.C. § 1915(e)(1), however, the Court has discretion to recruit counsel to represent indigent litigants in appropriate cases. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). When deciding whether to recruit counsel for an indigent litigant, the Court must consider (1) whether the indigent plaintiff has made reasonable attempts to secure counsel on his own (or was effectively precluded from doing so), and, if so, (2) whether the difficulty of the case exceeds the plaintiff's capacity to competently litigate it himself. *Pruitt*, 503 F.3d at 654).

Plaintiff has submitted proof of reasonable attempts to obtain counsel on his own. However, his only stated impediments to self-representation are that his incarceration will make litigating this case difficult and he is not a lawyer. These concerns are not unique to Plaintiff as a *pro se* litigant and do not necessarily warrant recruitment of counsel. Through his pleadings and filings, Plaintiff has demonstrated that he has the ability to articulate clearly and effectively on his own behalf, and he appears competent to litigate this matter *pro se* at this time. Further, given the early stage of the litigation, it is difficult to accurately evaluate the need for assistance of counsel. *Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013). As the case evolves, and if circumstances change, Plaintiff may file a subsequent motion seeking recruitment of counsel. Accordingly, Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is denied.

**Request for Injunctive Relief**

Plaintiff filed an "Amended Order to Show Cause for Preliminary Injunct[ive] Relief," [1]

---

[1] In Plaintiff's Complaint, he asked the Court "to grant Petitioner's Emergency Preliminary Injunction Relief" in the request for relief section of the Complaint. (Doc. 1, p. 18). The Court treated it as a request for a temporary restraining order and denied it because he did not specify what relief he sought. (Doc. 6). In the Amended Complaint, Plaintiff takes issue with the Court's ruling and states he specified the relief he was seeking in his motion for emergency

which the Court construes as a Motion for Preliminary Injunction. (Doc. 11). He also addresses his request for a preliminary injunction in his Amended Complaint. (Doc. 12, pp. 18-21). Specifically, Plaintiff seeks an order requiring Defendants to provide him with hemorrhoid removal surgery and an examination at a hospital to rule out any type of cancer, crohn's disease, or any other disease. (Doc. 11, p. 2).

The Warden of Centralia Correctional Center will be added to the docket in his/her official capacity for Plaintiff's claims of injunctive relief. *See Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). **Defendants are DIRECTED to respond to the motion within 14 days of service.**

## Disposition

**IT IS HEREBY ORDERED** that Count 1 will proceed against Dr. Venerio M. Santos and Dr. Ritz. Daniel L. Conn and Steve Meeks are **DISMISSED** without prejudice and the Clerk of Court is **DIRECTED** to **TERMINATE** them as parties and to **ADD** the Warden of Centralia Correctional Center, official capacity only, for the Plaintiff's claims of injunctive relief.

The Clerk of Court shall prepare for Dr. Venerio M. Santos, Dr. Ritz, and Warden of Centralia Correctional Center (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the

---

preliminary injunctive relief. (Doc. 12, pp. 18-19). He seems to be indicating he filed a separate motion at the time he filed the Complaint. (*Id.*). However, at no time has Plaintiff filed such a motion.

extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

The Clerk of Court is further **DIRECTED** to **ENTER** the standard Qualified Protective Order pursuant to the Health Insurance Portability and Accountability Act.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order.** The Motion for Preliminary Injunction (Doc. 11) shall remain pending, and **Defendants are ORDERED to respond to the motion within 14 days of service.**

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of

prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 28, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Amended Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.